UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR423-076 |
| | ) | |
| MARVIN ANTWON WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Marvin Antwon Williams faces two counts of arson under 18 U.S.C. § 844(i).  *See* doc. 1 (Indictment).  After being detained and *Mirandized*, *see* Gov. Ex. 1, at 7:23-26; 22:54-23:07, Williams told the Savannah Fire Department Investigator interviewing him that "he started the fire in the lane and the devil started the fires in the house, but the devil used WILLIAMS' hands to do it," doc. 28-1 at 1.  Williams moves to suppress those statements, arguing that he had invoked the right to remain silent and the responding officers should not have questioned him.  *See generally* doc. 28.  The Motion to Suppress is fully briefed, *see id.*; doc. 32, and the Court held a hearing on the Motion on January 22, 2024, *see* doc. 39 (Minute Entry).

1

Statements made during a custodial interrogation are inadmissible unless the Government establishes that the accused "in fact knowingly and voluntarily waived [*Miranda*] rights." *North Carolina v. Butler*, 441 U.S. 369, 373 (1979) (internal quotation marks and citation omitted). The Government must demonstrate by a preponderance of the evidence that: (1) a *Miranda* warning was given; (2) the suspect understood his *Miranda* rights; and (3) the suspect made an uncoerced statement. *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010). Williams does not dispute that he was *Mirandized* or that he understood his rights. *See generally* doc. 28. His motion turns on the third prong–whether his statement was uncoerced. *Id.* at 2-3.

If a person in police custody indicates that he "wishes to remain silent, the interrogation must cease." *Miranda v. Arizona*, 384 U.S. 436, 473-74 (1966). "[A]ny statement taken after the person invokes his privilege cannot be other than the product of compulsion, subtle or otherwise." *Id.* at 474. If Williams invoked his right to remain silent and responding officers did not end the interrogation, his statements regarding who set the fires is "the product of compulsion" and therefore inadmissible. *See id.*

The right to remain silent must be invoked unambiguously and unequivocally. *See Berghuis*, 560 U.S. at 381-82. "If the suspect's statement is not an unambiguous or unequivocal [invocation], the officers have no obligation to stop questioning him." *Davis v. United States*, 512 U.S. 452, 461-62 (1994) (holding that the invocation of the right to counsel must be unambiguous and unequivocal); *Berghuis*, 560 U.S. at 381 (determining that "there is no principled reason to adopt different standards for determining when an accused has invoked the *Miranda* right to remain silent and the *Miranda* right to counsel at issue in *Davis*"). Whether an invocation of the right to remain silent was unambiguous and unequivocal is an objective inquiry; a suspect "'must articulate his desire to cut off questioning with sufficient clarity that a reasonable police officer under the circumstances would understand the statement to be an assertion of the right to remain silent.'" *Medina v. Singletary*, 59 F.3d 1095, 1101 (11th Cir. 1995) (quoting *Coleman v. Singeltary*, 30 F.3d 1420, 1424 (11th Cir. 1994)).

Williams claims he invoked his right to remain silent when he told officers: "[D]on't ask me no questions." Gov. Ex. 1, at 23:07-10; doc. 28 at 1. But "don't ask me no questions" was only the first part of Williams'


statement. After reviewing the body camera footage submitted into evidence, the Court finds that Williams' complete response to being *Mirandized* was to say: "Y'all don't ask me no questions. You feel me? Just say what you gotta say, but I ain't gonna answer too many questions."[1]  Gov. Ex. 1, at 23:07-14. By immediately following his request that he not be asked questions with a declaration that he would not answer "*too many* questions," Williams injected ambiguity into his attempted invocation. *Id.* (emphasis added). Williams' statement implies that he is willing to answer *some* questions–just not *too many*. An unwillingness to answer "too many" questions is not the same as unequivocally and unambiguously refusing to answer any questions. *Cf. United States v. Mikell*, 102 F.3d 470, 477 (11th Cir. 1996) ("[A] suspect's refusal to answer certain questions is not tantamount to the invocation . . . of the constitutional right to remain silent."). A reasonable officer under the circumstances would not have understood Williams' refusal to answer "too many questions" as an assertion of the right to remain silent.

---

[1] At the hearing, defense counsel argued that the Savannah Fire Department Investigator questioning Williams spoke over or interrupted this statement. *See generally* doc. 39 (Minute Entry). The Court finds that Williams' statement was continuous and that the investigator did not ask Williams any questions until Williams finished saying that he would not "answer too many questions." *See* Gov. Ex. 1, at 23:07-15.

*See Medina*, 59 F.3d at 1101. The investigator was under no obligation to cut off questioning. *See Berghuis*, 560 U.S. at 381.

The Government has sufficiently demonstrated Williams' statements to investigators were uncoerced, as Williams failed to unequivocally and unambiguously invoke the right to remain silent. *Berghuis*, 560 U.S. at 381-82, 384; *see also Miranda*, 384 U.S. at 473-74. Therefore, Williams's Motion to Suppress should be **DENIED**. Doc. 28.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of January, 2024.

/s/ Christopher L. Ray
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA